UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIHN TRAN, | No. 2:15-cv-1311 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| SCOTT W. WRYE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff indicates that a grievance procedure was available and that he had filed a grievance, but that he had not completed the process. ECF No. 1 at 2. With his complaint, plaintiff also included a letter to the Clerk of the Court in which he explicitly states that he did not exhaust his administrative remedies before commencing this action. ECF No. 2. Plaintiff's letter goes on to state that he is currently in the process of exhausting his administrative remedies and requests "the Court to stay any time constraints until [he] complete[s] the process; or process the civil rights complaint with the attached copy of the C.D.C.R. 602 HC-Health Care Appeal." Id. Although no appeal is attached to the letter, there is an appeal attached to the complaint that indicates it was submitted on June 14, 2015.[1] ECF No. 1 at 15-17. It appears that

---

[1] It is not clear on what date the appeal was actually submitted since the complaint is dated June 4, 2015 (ECF No. 1 at 4), and the letter to the Clerk is dated June 1, 2015 (ECF No. 2).

1

plaintiff may have been concerned that the statute of limitations on his claims would expire.  ECF No. 2.  However, because plaintiff did not exhaust his administrative remedies prior to filing the complaint, the undersigned recommends dismissal of this action without prejudice.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fail to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint."  Id. (in such circumstances, defendant may move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal appropriate when an affirmative defense appears on the face of the complaint).

In the present case, plaintiff has indicated the complaint that he did not exhaust his administrative remedies (ECF No. 1 at 2) and stated in his letter that he was filing the complaint "without having exhausted administrative remedies" and that he was "going through the administrative process on the medical appeal to exhaust" (ECF No. 2).  The complaint offers no explanation as to why he did not exhaust prior to filing (ECF No. 1 at 2), while his letter states that he was filing without exhausting his administrative remedies "because the plaintiff has filed suit under 42 U.S.C. 1983 for a 'failure to protect and deliberate indifference' stemming from the same set of circumstances although totally different staff and defendants so [he] was informed that [he] would have to challenge each issue separately" (ECF No. 2).  Neither the letter nor the complaint asserts that the grievance process was unavailable to him.

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a

2

1 prisoner confined in any jail, prison, or other correctional facility until such administrative

2 remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of available

3 administrative remedies is therefore a prerequisite to commencing a federal civil rights action.

4 "Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong

5 incentive that will further these Congressional objectives."  McKinney v. Carey, 311 F.3d 1198,

6 1200-01 (9th Cir. 2002) (per curiam).

> The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.

Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  "Allowing Plaintiff to proceed with claims without having exhausted prior to filing his complaint would create an end-run around the PLRA."  Plummer v. Bannister, 3:11-cv-00865-ECR-WGC, 2012 WL 7655996, at *2 (D. Nev. Sept. 18, 2012) (adopted in full Feb. 25, 2013) (emphasis deleted).  Although a plaintiff may add newly exhausted claims in an amended complaint, he may not allege unexhausted claims in an original complaint if administrative remedies remain available.  Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) "The PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending."  Id. at 1004; accord, Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).

In the present case, it is clear that administrative remedies remained available when plaintiff filed his complaint, because his letter advises that he is currently going through the administrative process.  Plaintiff does not contend otherwise and thus cannot reasonably assert that administrative remedies were effectively unavailable to him when he filed his complaint.[2]

---

[2] "[T]he requirement for exhaustion under the PLRA is not absolute."  Albino, 697 F.3d at 1030.  As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'"  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their (continued…)

Even after Albino, when it is clear from the face of the complaint that plaintiff did not exhaust his available administrative remedies, the action must be dismissed for failure to state a claim upon which relief may be granted.  See 42 U.S.C. § 1997e(a); 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6); see Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, supra, 747 F.3d at 1166 (invalidating Wyatt's authorization of an unenumerated Rule 12(b) motion as the vehicle for defendants to assert a nonexhaustion defense); accord, Sorce v. Garikpaetiti, 14-cv-0327 BEN (JMA), 2014 WL 2506213, at *3 (S.D. Cal. June 2, 2014) ("based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds Plaintiff's case must be dismissed for failing to state a claim upon which any relief may be granted") (citations omitted); Young v. Unnamed, Sec'y of CDCR, 14cv1013 BTM (RBB), 2014 WL 5176386, at *4 (S.D. Cal. Oct. 14, 2014) ("based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds that even if Plaintiff had sufficiently alleged an Eighth Amendment claim against the Secretary, his Complaint would still be subject to dismissal") (citations omitted); Lucas v. Dir. of Dept. of Corr., 2:14-cv-0590 DAD P, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) ("[P]laintiff's attempt to initiate federal litigation prior to his full administrative exhaustion requires dismissal of this civil action without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action") (citations omitted).

Because it is clear from the face of the plaintiff's letter that he did not attempt to pursue his claims through the administrative process before commencing this action, this is one of those rare cases in which dismissal for non-exhaustion is appropriate upon screening under 28 U.S.C. §

---

purposes and so are not available.").  "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

1915A(b)(1), and Rule 12(b)(6).  See Albino, 474 F.3d at 1166.

Petitioner is informed that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005).  This means that the time required to administratively exhaust the grievance will not count against the statute of limitations.  Assuming that petitioner's administrative grievance was promptly filed, that he follows the rules that govern the administrative appeals process, and that he files a new complaint promptly upon exhaustion of his claims, dismissal now should not create a timeliness problem for a future, fully exhausted complaint.[3]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice for failure to state a claim due to its commencement before plaintiff exhausted his available administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The court cannot and does not guarantee the timeliness of any future complaint, which will turn on circumstances unknown at this time.

5